UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ANTHONY WAYNE OLIPHANT          :
                                :
                                :                 PRISONER
      v.                        :  Case No.  3:04CV470(CFD)
                                :
DEP'T OF CORRECTIONS and        :
DEP'T OF PROBATION              :


RULING ON MOTION TO DISMISS OR STAY
PETITION FOR WRIT OF HABEAS CORPUS

The petitioner resides in Milford, Connecticut and is on probation as part of a sentence imposed by the Connecticut Superior Court in 1995.  He brings this action pro se and in forma pauperis for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the conviction that resulted in that sentence.  Pending before the court is the respondents' motion to dismiss or stay the petition for writ of habeas corpus.  For the reasons set forth below, this motion to dismiss is granted.[1]

Procedural Background

In June 1995, a jury in the Connecticut Superior Court for the Judicial District of New Haven at Meriden, Connecticut, convicted the petitioner of larceny in the first degree by defrauding a public community in violation of Conn. Gen. Stat.

_____

[1]The caption of this case indicates that the Connecticut Departments of Correction and Probation are the respondents, while the petition indicates that the commissioners of those departments are the named respondents.  That difference does not affect the conclusion in this opinion, however.

§ 53a-122(a)(4).  On September 1, 1995, the court sentenced the petitioner to fifteen years of imprisonment, execution suspended after seven years, and five years' probation.  On appeal, the petitioner asserted three arguments:

> [T]he trial court improperly (1) failed to conduct an adequate canvass of the defendant prior to accepting his waiver of the right to counsel, (2) denied the defendant the effective assistance of standby counsel, and (3) concluded that the evidence presented at trial was sufficient to prove the defendant's guilt beyond a reasonable doubt.

State v. Oliphant, 47 Conn. App. 271, 272 702 A. 2d 1206, 1208 (1997).  On December 9, 1997, the Connecticut Appellate Court affirmed the judgment of conviction.   See id. at 284, 702 A. 2d at 1213.  The petitioner raised one ground in his petition for certification to the Connecticut Supreme Court.

> Did the trial court fail to find that the defendant waived his right to counsel knowingly and intelligently where its canvas of the defendant unarguably fell far short of the requirements of Practice Book section 961 and where the court deprived the defendant of the right to make a meaningful objection to its finding because it did not articulate its basis for its finding until after the trial had concluded?

(See Mem. Supp. Mot. Stay Dismiss, App. F. (Pet. Certif.))  On March 5, 1998, the Connecticut Supreme Court denied the petition for certification to appeal the decision of the Connecticut Appellate Court.  See State v. Oliphant, 244 Conn. 904, 714 A.2d 3 (1998).

On July 17, 1997, the petitioner filed a petition for writ of habeas corpus in this court challenging his conviction.  On November 6, 1997, the court denied the petition without prejudice for failure to exhaust state court remedies.  See Oliphant v. Warden Brooks, Case no. 3:97cv1434 (PCD), slip. op. (D. Conn. Nov. 6, 1997).

On July 8, 1998, the petitioner filed a habeas petition in state court challenging his June 1995 conviction.  He raised two claims in his amended petition for writ of habeas corpus.  He argued that standby counsel failed to give him effective assistance of counsel and he was forced to wear shackles during jury selection.  On March 9, 2001, after an evidentiary hearing, a Superior Court Judge issued a Memorandum of Decision dismissing the petition for writ of habeas corpus.  See Oliphant v. Warden, CV-98-0414837-S, 2001 WL 283457 (Conn. Super. Ct. March 9, 2001).  On appeal to the Connecticut Appellate Court, the petitioner raised three claims.

> [T]he court improperly concluded that he failed to meet his burden of proof on his claims that (1) it was an abuse of discretion for the trial court to require that he wear shackles during voir dire, (2) it was an abuse of discretion for the trial court to order him to appear at trial wearing a prison uniform and (3) it was a violation of his constitutional right of access to the court to deny him the use of the law library in the correctional facility in which he was housed during the preparation for his trial.

3

<u>Oliphant v. Commissioner of Correction</u>, 80 Conn. App. 613, 614, 836 A.2d 471, 472 (2003).[2]  On December 23, 2003, the Connecticut Appellate Court affirmed the decision of the trial court.  That court affirmed the trial court's conclusion concerning the use of shackles and held that petitioner waived the two other claims because they were not raised below.  <u>See</u> <u>id.</u> at 618, 836 A.2d at 475.  In his petition for certification to the Connecticut Supreme Court, the petitioner did not present the three claims raised before the appellate court, but argued that the Connecticut Appellate Court improperly affirmed the trial court's dismissal of his habeas petition on the grounds of ineffective assistance of counsel and actual innocence.  (<u>See</u> Mem. Supp. Mot. Stay Dismiss, App. N.)  On March 12, 2004, the Connecticut Supreme Court denied certification to appeal the decision of the Connecticut Appellate Court.  <u>See</u> <u>Oliphant v. Commissioner of Correction</u>, 268 Conn. 907, 845 A.2d 412 (2004).

On September 12, 2001, the petitioner filed a second petition for writ of habeas corpus in this court challenging his 1995 conviction.  <u>See</u> <u>Oliphant v. Myers</u>, Case no. 3:01cv1752 (JCH).  On April 29, 2002, the court dismissed the petition without prejudice for failure to exhaust state court remedies.

---

[2]Petitioner did not appeal to the Connecticut Appellate Court the claim of ineffective assistance of counsel.

In November 2003, the petitioner filed a second state habeas petition.  See Oliphant v. Warden, TSR-CV-03-0004288-S.  On March 19, 2004, the petitioner filed this action.  On November 7, 2005, the court entered judgment dismissing the second state habeas petition due to petitioner's failure to prosecute the action. (See Mem. Supp. Mot. Stay Dismiss, App. Q. (J. Dismissal)).[3]

Standard of Review

A prerequisite to habeas relief under section 2254 is the exhaustion of all available state remedies.  See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509, 510 (1982); Daye v. Attorney General of the State of New York, 696 F.2d 186, 190 (2d Cir. 1982), cert. denied, 464 U.S. 1048 (1982); 28 U.S.C. § 2254(b)(1)(A).  The exhaustion requirement is not jurisdictional; rather, it is a matter of federal-state comity.  See Wilwording v. Swenson, 404 U.S. 249, 250 (1971) (per curiam).  The exhaustion doctrine is designed not to frustrate relief in the federal courts, but rather to give the state court an opportunity to correct any errors which may have crept into the state criminal process.  See id.  Ordinarily, the exhaustion requirement has been satisfied if the federal issue has been properly and fairly presented to the highest state court either by collateral attack or direct appeal.  See O'Sullivan, 526 U.S.

---

[3]The petitioner also filed a state habeas petition challenging other convictions.  See Oliphant v. Commissioner of Correction, 274 Conn. 563 (2005).

at 843 (citing <u>Brown v. Allen</u>, 344 U.S. 443, 447 (1953)).  "[T]he exhaustion requirement mandates that federal claims be presented to the highest court of the pertinent state before a federal court may consider the petition." <u>Pesina v. Johnson</u>, 913 F.2d 53, 54 (2d Cir. 1990).

The Second Circuit requires the district court to conduct a two-part inquiry.  First, the petitioner must have raised before an appropriate state court any claim that he asserts in a federal habeas petition.  Second, he must "utilize[] all available mechanisms to secure appellate review of the denial of that claim." <u>Lloyd v. Walker</u>, 771 F. Supp. 570, 573 (E.D.N.Y. 1991) (citing <u>Wilson v. Harris</u>, 595 F.2d 101, 102 (2d Cir. 1979)).  A petitioner must present his federal constitutional claims to the highest state court before a federal court may consider the merits of the claims.  <u>See</u> <u>Grey v. Hoke</u>, 933 F.2d 117, 119 (2d Cir. 1991).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." <u>O'Sullivan</u>, 526 U.S. at 845.

<u>Discussion</u>

The petitioner raises four claims in support of his petition.  (<u>See</u> Pet. Writ Habeas Corpus at ¶. 9-15.)  The petitioner describes claim one as follows:

> Violation of Petitioner's "Due Process
> Rights," pursuant to the 5th, 6th, 8th and

6

> 14th Amendments to the U.S. Constitution in
> State Habeas Corpus #CV-98-0414837.   Due to
> State of Connecticut, purposely, causing both
> egregious excessive and inordinate delay in
> the timely processing of State Habeas
> Petition.   Due to petitioner having exhausted
> all direct Appeals previously.   In violation
> of 28 U.S.C. § 2241(c)(3).

Pet. Writ Habeas Corpus at 9.   In his eleven page elaboration of this ground, the petitioner claims that the state court has failed to process his habeas petition in a timely manner, the Department of Correction issued him a false disciplinary report in 1999 and that since April 1999, the Department of Correction has been retaliating against him for exercising his constitutional rights by transferring him to Northern Correctional Institution without a hearing, denying him parole and probation and denying him access to educational and other prison programs.   The petitioner states that he raised these issues on direct appeal, but also implies that he did not raise the issues on direct appeal.   <u>See</u> Pet. Writ of Habeas Corpus at 9-10.   The court notes that the issues in claim one relate either to the petitioner's state habeas petition filed in June 1998 or to conditions of confinement beginning in April 1999.   As such, they could not have been raised on his direct appeal which concluded on March 5, 1998.   The petitioner also indicates that he raised the issues in claim one in his first state habeas petition.

The plaintiff describes his second claim as follows:

> [F]undamental Miscarriage of Justice while
> both factually and legally innocent of
> (alleged) charge, C.G.S. 53a-§122(4) in
> violation of the U.S. Constitution.  Due to
> conspiracy, governmental misconduct, and
> racial/invidious discrimination for first
> initiating 4-Civil Rights Complaints as a
> non-attorney.

Pet. Writ of Habeas Corpus at 11.  In his twelve-page elaboration of this ground, the petitioner states that his two prior misdemeanor convictions were used to enhance the present conviction, he was unconstitutionally shackled and handcuffed at trial, he did not have access to the law library at the New Haven Correctional Center, the trial court denied him a continuance to retain private counsel and denied his motion to remove both the judge and his public defender, and the prosecutor failed to allow him to engage in plea discussions, failed to provide him with exculpatory evidence and failed to exchange information and provide him with motions filed in the case.  He states that he is relying on all the claims raised in his state habeas petition. The petitioner alleges that he did not raise the issues set forth in claim two on direct appeal, but has raised them in his first state habeas petition.

The plaintiff describes his third claim as a:

> "[v]iolation of 'Due Process Rights'
> pursuant to 5th, 6th, 8th and 14th Amendments
> to U.S. Constitution and the Connecticut
> Constitution, Article First and 10, when: 1.)
> The State trial court not allowing Petitioner

8

> a continuance in order to properly prepare
> his defence prior to the start of jury
> selection/trial on 6/1/95 with all motions by
> standby council."
>
> 2.)  The court not protecting Petitioner at
> trial from both racial and invidious
> descrimination for having prior, 12/27/94,
> having filed four (4) Federal Civil Rights
> complaints against the city of Meriden, Conn,
> under 42 U.S.C. § 1983."

Pet. Writ of Habeas Corpus at 10.   In his two page elaboration
of this claim, the petitioner claims that the state court judge
improperly appointed stand-by counsel, forced him to proceed at
trial when he was severely ill, wrongfully reprimanded him in
front of the jury during trial and failed to include the
petitioner in sidebar conferences during trial.   The petitioner
also claims that his stand-by counsel interfered with the
presentation of his case at trial, failed to provide him with
legal assistance and engaged in confrontational behavior in front
of the jury.   The petitioner states that he did not raise any of
the issues set forth in claim three on direct appeal.   The
petitioner claims that he did raise these issues in his first
state habeas petition.

     The plaintiff describes his fourth claim as: "Brady
violations by Prosecution at trial.   Plus was wrongfully
handcuffed and shackled during jury-selection without placing
grounds for this inappropriate action on the trial-record as
required by the court."   Pet. Writ of Habeas Corpus at 15.   The

petitioner states that he did not raise any of the issues set forth in claim three on direct appeal.  The petitioner claims that he did raise these issues in his first state habeas petition.

The respondent has moved to dismiss or stay this action on the ground that the petitioner has not exhausted his state court remedies with regard to each claim asserted in his federal petition.

A close review of the various petitions filed by the petitioner in state court challenging his larceny conviction and sentence as well as the state court decisions issued in response to petitioner's direct appeal and two habeas petitions reveals that none of the grounds in the present petition has been completely exhausted by the petitioner.  The only ground that petitioner has fully exhausted was the sole ground raised by the petitioner in his direct appeal to Connecticut Supreme Court: the trial judge's acceptance of his waiver of his right to the assistance of counsel. (See Mem. Supp. Mot. Stay Dismiss, App. F (Pet. Certif.).  The petitioner does not raise that claim in the present petition.

The petitioner argues that he should not be required to exhaust his state court remedies because his attempts at exhaustion have been delayed on numerous occasions.  The Supreme Court has cautioned that an exception to the exhaustion

10

requirement is appropriate only where there is no opportunity to obtain redress in state court or where the state corrective procedure is so clearly deficient that any attempt to obtain relief is rendered futile. See Duckworth v. Serrano, 454 U.S. 1, 3 (1981). "Inordinate delay in concluding its post-judgment criminal proceedings may preclude a state from relying on the exhaustion requirement to defeat Federal review." Sapienza v. Vincent, 534 F.2d 1007, 1010 (2d Cir. 1976). The Second Circuit has not defined the precise interval which constitutes an inordinate delay. It has noted, however, that an inmate is not required "to wait six years . . . or even three or four years before enlisting federal aid. . . ." Simmons v. Reynolds, 898 F.2d 865, 870 (2d Cir. 1990). See, e.g., Sapienza v. Vincent, 534 F.2d 1007, 1010 (2d Cir. 1976) (almost seven-year delay in processing state habeas petition precluded state from relying on exhaustion requirement as basis to deny federal habeas petition); Simmons, 898 F.2d at 870 (six-year delay in appeal and inability to obtain replacement counsel held sufficient to excuse exhaustion); Brooks v. Jones, 875 F.2d 30, 31-32 (2d Cir. 1989) (eight-year delay during which appointed counsel failed to file appeal held sufficient to excuse exhaustion).

The petitioner does not give specific examples of the delays he experienced in the processing of his state habeas petitions. His first state habeas petition was decided within three years of

11

its filing and within one year of the filing of the amended petition for writ of habeas corpus. The petitioner filed his second state habeas petition in November 2003, and amended the petition in February 2005. In November 2005, the court dismissed the petition due to petitioner's failure to prosecute it.

The court does not consider the delays in processing the petitioner's two state habeas petitions to be inordinate. Furthermore, the petitioner has failed to allege that the delays have prejudiced him in any way. See, e.g., Cousart v. Hammock, 580 F. Supp. 259, 268-69 (E.D.N.Y. 1984), aff'd, 745 F.2d 776 (2d Cir.1984) (an impaired ability to defend at retrial because of lost witnesses or lost evidence demonstrated prejudice as a result of delay in perfecting the appeal). Accordingly, the court cannot conclude that the pursuit of his claims in a petition for writ of habeas corpus in state court would necessarily be futile and the petitioner is not excused from exhausting his state remedies before proceeding in federal court. Because the petitioner has not exhausted his state court remedies as to any claims, the petition must be dismissed.[4]

---

[4] The court notes that the Second Circuit has cautioned the district courts not to dismiss a mixed petition containing exhausted and unexhausted claims where an outright dismissal would preclude the petitioner from having all of his claims addressed by the federal court. The Second Circuit advised the district court to stay the petition to permit the petitioner to complete the exhaustion process and return to federal court. See Zarvela v. Artuz, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the district court stay exhausted claims and

**IV.   CONCLUSION**

The respondent's Motion to Dismiss or Stay Petition [**doc.
#27**] is **GRANTED**.  The Petition for Writ of Habeas Corpus
[**doc. #1** ] is **DISMISSED** without prejudice to the petitioner
filing a federal habeas petition after he exhausts his state
court remedies.  The Clerk is directed to enter judgment and
close this case.

The Supreme Court has held that,

> [w]hen the district court denies a habeas
> petition on procedural grounds without
> reaching the prisoner's underlying
> constitutional claims, a [certificate of
> appealability] should issue when the prisoner
> shows, at least, that jurists of reason would
> find it debatable whether the petition states
> a valid claim of the denial of a
> constitutional right and that jurists of
> reason would find it debatable whether the
> district court was correct in its procedural
> ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In addition, the
Court stated that, "[w]here a plain procedural bar is present and
the district court is correct to invoke it to dispose of the
case, a reasonable jurist could not conclude either that the
district court erred in dismissing the petition or that the
petitioner should be allowed to proceed further."  Id.  This

---

dismiss unexhausted claims with direction to timely complete the
exhaustion process and return to federal court "where an outright
dismissal 'could jeopardize the timeliness of a collateral
attack.'").  Zarvela is inapplicable because this is not a mixed
petition.  The court concludes that the rationale requiring that
the habeas petition be stayed is not present in this case.

court concludes that a plain procedural bar is present here; no reasonable jurist could conclude that the petitioner has exhausted his state court remedies with regard to any grounds for relief or that he should be permitted to proceed further. Accordingly, a certificate of appealability will not issue.

**SO ORDERED** this 18th day of August, 2006, at Hartford, Connecticut.

/s/ CFD
Christopher F. Droney
United States District Judge

14